This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant Lorel Coombs has appealed from a decision of the Lorain County Court of Common Pleas that designated her a sexual predator under R.C. 2950.09. Additionally, Appellant has appealed the sentenced imposed by the trial court for failure to comply with R.C. 2949.14. This Court reverses and remands.
 I
{¶ 2} From January 1999 to April 2000, Appellant, her boyfriend Leslie Cavins, and her friend James Smelko, were involved in illegal sexual conduct with various young girls, ranging in age from eight to sixteen years. During this time, Appellant would invite young girls to her trailer and all three adults would party with the girls, giving them drugs and alcohol in the process. The three adults also played games (i.e., "truth or dare" or "spin the bottle") with the juveniles, and sometimes these games would turn sexual. On one particular occasion, Appellant, at Smelko's request during a game of "truth or dare," performed oral sex on Smelko while Appellant's juvenile guests watched.
{¶ 3} Most of the sexual contact involved Appellant's eight-year-old daughter, A.C., and fourteen-year-old babysitter, J.L. Appellant admitted that she allowed Cavins to have sexual contact with her daughter; he placed a vibrator on the vagina of the eight-year-old and Appellant admits that she also participated in the sex act. Appellant's eleven-year-old son, R.C., was present at this time as well. As to the sexual conduct involving J.L., Appellant allowed Smelko to have intercourse with the young girl in Appellant's home while Appellant was present. Appellant was also present when Smelko performed oral sex on J.L.; apparently this occurred while Appellant and other juveniles were playing a game. In addition, Appellant admitted to participating in the making of a pornographic video with J.L., Cavins, Smelko, and another adult male.
{¶ 4} After Appellant, Smelko, and Cavins were arrested for the above-described activities, Appellant continued to communicate with her co-defendants through the mail system. She wrote and received letters in jail; some of the letters gave a detailed description of the sexual conduct that occurred in Appellant's trailer. The letters Appellant received from Smelko discussed possible trial strategies — he wanted each defendant to lie to protect their co-defendants. The police were informed of these letters and obtained a search warrant to search Appellant's jail cell. A search was conducted and the police uncovered numerous letters (some of which were not included in the first search warrant). The police then obtained another search warrant, but by this time Appellant had either destroyed or sent the letters to Cavin's mother for safekeeping.
{¶ 5} Appellant, along with Smelko and Cavins, was indicted on six separate indictments because of the illicit conduct.[1] Only three of the six indictments against Appellant are pertinent to the discussion of the instant appeal, however.
{¶ 6} In Case No. 00CR057703, in which Appellant was indicted on April 26, 2000, by the Lorain County Grand Jury, Appellant was indicted on four counts: corruption of a minor, a violation of R.C. 2907.04(A); contributing to the delinquency of a minor, a violation of 2919.24(A)(1) and/or (A)(2); illegal use of a minor in nudity oriented performance, a violation of R.C. 2907.323(A)(3)(a); and pandering obscenity involving a minor, a violation of R.C. 2907.321(A)(3). Appellant initially entered a plea of not guilty, but withdrew the not guilty plea and entered a plea of guilty, with count two nolled. Appellant was sentenced to twelve months imprisonment on count one; she received no sentence on count two; she received nine months on count three; and she received one year on count four.[2]
{¶ 7} On September 27, 2000, the Grand Jury indicted Appellant in Case Nos. 00CR056595 and 00CR056599.[3] In Case No. 00CR056599, Appellant was indicted for tampering with evidence, a violation of R.C.2921.12(A)(1); and pandering sexually oriented material involving a minor, a violation of R.C. 2907.322(A)(1) and (3). Appellant entered a plea of not guilty, but later she withdrew that plea and plead guilty to all counts as amended in the indictment. She was sentenced to six months on count one, which was amended to attempted tampering with evidence, and five years on count two.
{¶ 8} In Case No. 00CR056595, Appellant was indicted on two counts of gross sexual imposition, a violation of R.C. 2907.05(A)(4); two counts of child endangering, a violation of R.C. 2919.22(A); and a sexually violent predator specification was attached to the indictment. Appellant filed a motion to sever the specification, and the motion was granted. Appellant initially entered a not guilty plea, but withdrew the not guilty plea and entered a plea of guilty to all counts, excluding the sexually violent predator specification.
{¶ 9} During the sexually violent predator specification trial, Appellant waived her right to a jury trial and the trial was heard before the trial court. Additionally, the specification trial was consolidated to include co-defendants Smelko and Cavins. After the trial, the trial court acquitted Appellant, Smelko, and Cavins of the specification in case number 00CR056595. The trial court immediately proceeded to a sexual predator hearing for case numbers 00CR056599 and 00CR057703. The trial court adjudged Appellant and her co-defendants sexual predators. A sentencing hearing[4] took place after the sexual predator hearing and Appellant was sentenced to three years imprisonment for each count of gross sexual imposition and two months for each count of child endangering.
{¶ 10} Appellant has timely appealed the sexual predator adjudication, asserting two assignments of error.
 II Assignment of Error Number One {¶ 11} "THE TRIAL COURT ERRED TO APPELLANT'S PREJUDICE IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE SECTION TEN AND SIXTEEN OF THE OHIO CONSTITUTION BY ADJUDICATING APPELLANT A SEXUAL PREDATOR IN THE ABSENCE OF CLEAR AND CONVINCING EVIDENCE."
{¶ 12} In her first assignment of error, Appellant has contended that there was insufficient evidence to prove that she is likely to engage in the future in one or more sexually oriented offenses. Appellant has based this contention on the fact that the evidence adduced at the hearing failed to meet several statutory factors listed in R.C.2950.09(B)(2).[5]
{¶ 13} In State v. Eppinger (2001), 91 Ohio St.3d 158,2001-Ohio-247, the Ohio Supreme Court upheld the decision of the Eighth District Court of Appeals, which reversed a trial court's adjudication of a defendant as a sexual predator. The trial court failed to consider the statutory criteria listed in R.C. 2950.09, and instead adjudicated the defendant a sexual predator based on the trial court's personal recollection of the heinous nature of the underlying sexual offense. The Ohio Supreme Court held the trial court's recollection that the defendant's crime was heinous was insufficient to show that the defendant would likely commit another sexually oriented offense. Eppinger,91 Ohio St.3d at 165. The court then suggested a model procedure for a sexual predator hearing:
 {¶ 14} "In a model sexual offender classification hearing, there are essentially three objectives. First, it is critical that a record be created for review. Therefore, the prosecutor and defense counsel should identify on the record those portions of the trial transcript, victim impact statements, presentence report, and other pertinent aspects of the defendant's criminal and social history that both relate to the factors set forth in R.C. 2950.09(B)(2) and are probative of the issue of whether the offender is likely to engage in the future in one or more sexually oriented offenses. * * * [A] clear and accurate record of what evidence or testimony was considered should be preserved, including any exhibits, for purposes of any potential appeal.
 {¶ 15} "Second, an expert may be required * * * to assist the trial court in determining whether the offender is likely to engage in the future in one or more sexually oriented offenses.
{¶ 16} "* * *
 {¶ 17} "Finally, the trial court should consider the statutory factors listed in R.C. 2950.09(B)(2) and should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism." (Emphasis added.) Eppinger, 91 Ohio St.3d at 166.
{¶ 18} The trial court is only required to consider each factor listed in R.C. 2950.09(B)(2). See State v. Bolyard, 9th Dist. No. 20801, 2002-Ohio-2203, at ¶ 24. It is not required to demonstrate each factor before adjudicating Appellant a sexual predator. Id. The trial court must, however, create a sufficiently reliable record upon which an appellate court can review a sexual predator adjudication. Eppinger,91 Ohio St.3d at 166.
{¶ 19} In the instant case, it is clear that the trial court failed to create such a record. During the sexual predator hearing for case numbers 00CR056599 and 00CR057703, the trial court stated:
 {¶ 20} "Again, at this point we are dealing with a lower standard of poof than proof beyond a reasonable doubt, and we are not dealing with the issue as to whether the Defendant, or a Defendant, is likely to commit a sexually violent offense, but a sexually-merely a sexually oriented offense in the future.
 {¶ 21} "The evidence does support this by clear and convincing evidence as to each and every one of the three Defendants.
 {¶ 22} "The Court does find that each Defendant is hereby classified as a sexual predator."
{¶ 23} In adjudicating Appellant a sexual predator, the trial court simply noted the different burden of proof attached to the adjudication of Appellant as a sexual predator as opposed to a determination that Appellant is a sexually violent predator.[6] It failed to properly consider any of the statutory factors listed in R.C.2950.09(B)(2). Furthermore, by failing to provide even a brief summary of the facts it found relevant in adjudicating Appellant a sexual predator, the trial court failed to provide the rationale for its decision. Therefore, this Court is without a reliable record with which to review the trial court's designation of Appellant as a sexual predator.
{¶ 24} This Court notes that the trial court provided a lengthy analysis of the facts it found relevant in acquitting Appellant of the sexually violent predator specification. However, a trial court cannot simply rely on a sexually violent predator specification analysis as a proper basis for determining that Appellant is a sexual predator. The statutory factors employed in a sexually violent predator specification are quite distinct from the statutory factors employed in a sexual predator hearing. See R.C. 2971.01(H)(2); R.C. 2950.09(B)(2); State v.Jones (2001), 93 Ohio St.3d 391, 396. Thus, a trial court's determination that a defendant is a sexually violent predator will be based on facts and statutory criteria different from the facts and statutory criteria required in a sexual predator hearing. Consequently, a trial court must provide a separate analysis for a sexual predator hearing, even when said hearing involves the same defendants and criminal conduct as a preceding sexually violent predator specification trial.[7]
{¶ 25} Furthermore, we find Appellant's constitutional arguments without merit. Appellant failed to raise the issue of the constitutionality or application of R.C. 2950.09 during the sexual predator hearing. Therefore, Appellant waived the issue and this Court will not address the issue on appeal. See State v. Awan (1986),22 Ohio St.3d 120, 123.
{¶ 26} Accordingly, we find that Appellant's first assignment of error has merit.
 Assignment of Error Number Two {¶ 27} "THE TRIAL COURT ERRED AS A MATTER OF LAW BY DISREGARDING THE MANDATE OF R.C. 2949.14 AND DENYING DEFENDANT CREDIT FOR TIME SERVED."
{¶ 28} This assignment of error has been rendered moot. Appellant's two hundred fourteen days of jail time credit was credited nunc pro tunc to the one year sentence Appellant received in Case No. 00CR056482, as evidenced by the trial court's journal entry dated June 10, 2002.
 III
{¶ 29} Appellant's first assignment of error is sustained; the second assignment of error is moot. Appellant's sexual predator adjudication is reversed, and the cause remanded for further proceedings consistent with this opinion.
SLABY, P.J., BATCHELDER, J. CONCUR.
[1] Appellant was convicted on all six indictments. Although Appellant's appeal encompasses the six convictions, three of the convictions are irrelevant for the purposes of our analysis.
In Case No. 00CR056482, Appellant was indicted on two counts: tampering with evidence, a violation of R.C. 2921.12(A)(1); and attempted tampering with evidence, a violation of R.C. 2923.02/2921.12(A)(1). She pled guilty and was sentenced to one year imprisonment on count one and six months on count two. Appellant was indicted on three counts in Case No. 00CR056597: disseminating matter harmful to juveniles, a violation of R.C. 2907.31(A)(1) and/or (3); furnishing alcohol to a minor, a violation of R.C. 4301.69(A); and permitting drug abuse, a violation of R.C.2925.13(B). She pled guilty and was sentenced to nine months imprisonment on count one, two months on count two, and count three was nolled. In Case No. 00CR056596, Appellant was indicted on one count of permitting drug abuse through real estate, a violation of R.C. 2925.13(B), and one count of furnishing alcohol to a minor, a violation of R.C. 4301.69. She pled guilty to count two and was sentenced to two months imprisonment; count one was nolled.
[2] Appellant was given five hundred seventy-nine days of jail time credit. In addition, the trial court ordered that all counts were to run consecutive to Case Nos. 00CR056482, 00CR056595, and 00CR056599.
[3] Appellant was also indicted in Case No. 00CR056597 on this date.
[4] Also during the sentencing hearing, Appellant was sentenced in Case Nos. 00CR0056596, 00CR056597, 00CR056599, 00CR056482, and 00CR055703.
[5] By amendment effective January 1, 2002, the provision containing the statutory criteria now appears in R.C. 2950.09(B)(3).
[6] In order to be determined to be a sexually violent predator the state must prove beyond a reasonable doubt that a defendant has been convicted of a sexually violent offense and is likely to commit a sexually violent offense in the future. State v. Williams (2000),88 Ohio St.3d 513, 531-532. In a sexual predator hearing, the state need only show by clear and convincing evidence that a defendant has been convicted of or pleaded guilty to a sexually oriented offense, and that he is likely to commit one or more sexually oriented offenses in the future. R.C. 2950.09(B)(2).
[7] This Court notes that the sexually violent predator specification trial was attached to Case No. 00CR056595 and the sexual predator hearing was attached to Case Nos. 00CR056599 and 00CR057703.